**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**John F. FEGURGUR, Defendant-Appellant.**

No. 86–1090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1986.

Decided Sept. 29, 1986.

---

Marilyn E. Clothier, Atty. General's Office, Agana, Guam, for plaintiff-appellee.

David A. Mair, Mair, Mair, Hogan, & Spade, Agana, Guam, for defendant-appellant.

Before CHOY, ALARCON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

John F. Fegurgur appeals from the decision of the District Court of Guam, Appellate Division, affirming his conviction on charges of heroin distribution. He seeks reversal of his conviction on three grounds: (1) the government's vindictive prosecution

violated his due process rights; (2) improper evidence was admitted at trial; (3) Guam's Uniform Controlled Substances Act is unconstitutional and in conflict with Guam's Organic Act. We affirm.

Appellant Fegurgur was indicted in October 1984 for delivery of heroin in violation of Guam's Uniform Controlled Substances Act, 9 G.C.A. § 67.10 et seq. ("UCSA"). Upon arrest, but before counsel had been appointed for him, an agent of the Drug Enforcement Administration ("DEA") offered him the following choice: "cooperate" with the DEA and be charged in federal District Court under 21 U.S.C. § 841, or refuse and be charged in Guam Superior Court under the UCSA. Since penalties under the federal statute are more lenient than those under the UCSA, there was an advantage to cooperation.[1] Though neither side has explained what was meant by "cooperation," it is evident that Fegurgur was encouraged to plead guilty and supply information leading to convictions of others on drug-related charges.

Fegurgur, asserting his innocence, refused to make a statement. He was accordingly furnished with counsel, tried in the Superior Court, convicted, and sentenced to two concurrent terms of fifteen years each.[2] His appeal to the District Court, Appellate Division, was unsuccessful. Three of the seven issues raised in that appeal are now before us.

Fegurgur first claims that he was prosecuted in the Superior Court of Guam rather than the District Court of Guam solely because he exercised his Fifth Amendment right not to incriminate himself. Out of approximately thirteen people arrested on the same charge, only Fegurgur was tried in Superior Court. He argues that this was vindictive prosecution, a deprivation of due process rights, and that his conviction should be set aside.

The standard of review in a vindictive prosecution case is unsettled in this circuit. *United States v. Gann*, 732 F.2d 714, 724 (9th Cir.), *cert. denied*, 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984) (citing cases applying the "abuse of discretion" and "clearly erroneous" standards). The *de novo* standard was suggested in *United States v. Martinez*, 785 F.2d 663, 666 (9th Cir.1986). On any of these standards, we would affirm.

 It is an unconstitutional deprivation of due process for the government to penalize a person merely because he has exercised a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982). For example, the Supreme Court has held that a sentence imposed after a successful appeal and reconviction may be struck down where its severity appears vindictive. *North Carolina v. Pearce*, 395 U.S. 711, 723–26, 89 S.Ct. 2072, 2079–81, 23 L.Ed.2d 656 (1969). The Court has recognized, however, that *pretrial* plea negotiations between the government and a criminal defendant are a special case. After all, plea negotiations are essentially a matter of the government threatening additional charges or other penalties to induce a defendant to forego his right to stand trial. "If such use of 'additional' charges were presumptively invalid, the institution of plea negotiations could not survive." *United States v. Goodwin*, 457 U.S. at 379, n. 10, 102 S.Ct. at 2492, n. 10. Accordingly, the Court has said that it will not find pretrial plea negotiations unconstitutional unless it is shown that the prosecutor's threats were "not permissible" or "could not be justified as a proper exercise of prosecutorial discretion." *Id.* at 380, n. 12, 102 S.Ct. at 2492, n. 12.

---

1. Guam's Attorney General admits this much of Fegurgur's story. Fegurgur alleges, in addition, that a DEA agent attempted to induce cooperation by contrasting the leniency of the District Court judge with the (relative) severity of the Superior Court judge. These remarks, although unseemly, do not affect the legal outcome of this case.

2. The maximum sentence available under the federal statute is fifteen years. 21 U.S.C. § 841(b).

Fegurgur argues that, since he was not represented by counsel during plea negotiations, this court should scrutinize those negotiations more closely. This argument fails for three reasons: (1) there is no evidence that the defendant in *Goodwin* was represented by counsel during negotiations; (2) the presence of counsel is chiefly relevant to the issue of whether a guilty plea made during negotiations is voluntary, *e.g. Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978) (Fegurgur made no guilty plea); and (3) Fegurgur does not allege that he was injured by the absence of counsel.

■■■ Prosecutorial discretion to charge is very broad. *United States v. Goodwin*, 457 U.S. at 382, 102 S.Ct. at 2493. The cases suggest only two limitations. A prosecutor may not selectively enforce the law based on the race or religion of the defendant. *United States v. Batchelder*, 442 U.S. 114, 125 n. 9, 99 S.Ct. 2198, 2205 n. 9, 60 L.Ed.2d 755 (1979). Nor may a prosecutor bargain with threats of charges which he has no probable cause to believe are warranted. *Bordenkircher v. Hayes*, 434 U.S. at 364, 98 S.Ct. at 668; *United States v. Gardner*, 611 F.2d 770, 773 (9th Cir.1980). Fegurgur does not claim that he was picked out for prosecution under the Guam statute because of his race or religion, nor does he deny that he was plainly subject to prosecution under that statute. It follows that his claim of vindictive prosecution must fail.[3]

Fegurgur next claims that the government subjected him to improper cross examination. During Fegurgur's testimony, the prosecutor elicited an admission that Bob Cruz, a convicted heroin dealer, was a frequent visitor to Fegurgur's home. No objection was made at trial. The District Court concluded that the examination was improper in part but not reversible error because of "overwhelming" evidence of guilt.

■■ Absent timely objection, prosecutorial misconduct is cause for reversal only if it rises to "plain error." *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985):

> [Fed.R.Crim.P. 52(b)] authorizes the Courts of Appeals to correct only 'particularly egregious errors,' those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' In other words, the plain error exemption to the contemporaneous objection rule is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.

*Id.* at 1046–47 (citations omitted).

■■ With this deferential standard in mind, we cannot say that the prosecutor's remarks constituted plain error. The improper questioning was brief and Fegurgur does not claim that it was referred to in summation. The government appears to have relied chiefly on tape recordings of actual drug sales by Fegurgur to an informant, not on evidence of Fegurgur's associations. Fegurgur has not shown that the improper remarks produced a miscarriage of justice.

Lastly, Fegurgur claims that the Uniform Controlled Substances Act is unconstitutional or in conflict with Guam's Organic Act.

Fegurgur was convicted under Guam's Uniform Controlled Substances Act ("UCSA"), 9 G.C.A. § 67.10 et seq. (1982). The UCSA sets forth regulations and penalties applicable to persons possessing certain scheduled drugs. The UCSA further provides that:

> The Governor shall control all substances enumerated [in the UCSA schedules] and may make regulations pursuant to the procedures of the Administrative Adjudication Act to add, delete, or reschedule a substance as a controlled substance. In making such a determination, the Gover-

---

3. Fegurgur suggests that, even if he has no federal remedy, this court should remand with instructions to the District Court that it may provide a Guamanian remedy by an expansive reading of Guam's Bill of Rights. But the Guamanian due process guarantee has been identified with the federal guarantee by statute. 48 U.S.C. § 1421b(u) (Supp.1986).

nor shall consider the following: [eight considerations are listed]. 9 G.C.A. § 67.20. Moreover, "[t]he Governor shall revise and republish the Schedules annually...." 9 G.C.A. § 67.32.

Fegurgur argues that this statute, by giving the Governor discretion to define "controlled substances," violates separation of powers principles of the federal Constitution. The District Court disagreed. The District Court's interpretation of statute is reviewed de novo. *Cf. Matter of McLinn,* 739 F.2d 1395, 1398 (9th Cir. 1984) (en banc).

■ The Governor does not have excessive discretion to define controlled substances. As the District Court correctly held, the UCSA *permits* the Governor to amend the statutory schedules, but it *requires* the procedures of Guam's Administrative Adjudication Act to be followed whenever such an amendment is made. Accordingly, there is no unconstitutional delegation of power from the Guam Legislature to the Governor. *Cf. United States v. Gordon,* 580 F.2d 827 (5th Cir.), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978) (federal UCSA involves no improper delegation).[4]

Guam's Organic Act, 48 U.S.C. § 1421 et seq., vests the "legislative power and authority of Guam" in the Guam Legislature. 48 U.S.C. § 1423(a) (Supp.1986). Fegurgur argues that, since the Organic Act does not expressly provide for delegation of legislative power, even limited delegation is illegal. The District Court did not expressly rule on this claim. It held instead that there was no delegation in this case at all, since heroin was originally defined as a controlled substance by the Legislature, not by the Governor.

■ Fegurgur's argument, unsupported by authority, is unpersuasive. The power to delegate is naturally included in a grant of legislative power. Congress, for example, has power to delegate rule-making authority. *Yakus v. United States,* 321 U.S.

414, 424, 64 S.Ct. 660, 667, 88 L.Ed.2d 834 (1944); *Plum Creek Lumber Co. v. Hutton,* 608 F.2d 1283, 1288 (9th Cir.1979). This is true even where violation of the rules is treated as a criminal offense. *United States v. Grimaud,* 220 U.S. 506, 521, 31 S.Ct. 480, 484, 55 L.Ed. 563 (1911). "A constitutional power implies a power of delegation of authority under it sufficient to effect its purposes." *Lichter v. United States,* 334 U.S. 742, 778, 68 S.Ct. 1294, 1313, 92 L.Ed. 1694 (1948).

■ In granting "legislative power" to the Guam Legislature, Congress granted a power analogous to its own. Even if the UCSA delegates to the Governor power to apply the legislative policy to particular circumstances, such delegation is permissible under the Organic Act.

AFFIRMED.

---

4. Even if the Governor's discretion were unconstrained and there were an imbalance of Gua-

manian power, it is hard to see how the federal Constitution would be implicated.