818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF America, Plaintiff-Appellee
v.
Eddie JACKSON (86-1377/1378), Octiviner Jackson
(86-1369/1385), Defendants- Appellants
 Nos. 86-1338, 86-1369, 86-1371, 86-1377, 86-1378 and 86-1385.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises from a drug conspiracy prosecution in which the four appellants, Eddie Jackson, Octiviner Jackson, Julian Ware and Annie Mae Murphy, were tried in the United States District Court for the Eastern District of Michigan and were found guilty by a jury. The appellants raise a series of issues but we find none of the arguments convincing. We accordingly affirm the district court.
 
 
 2
 Eddie Jackson argues that his conviction should be overturned because of alleged prosecutorial vindictiveness. He points out that the subsequent Michigan indictment included more offenses than the New Mexico indictment and claims that a government official threatened that if he did not become an informant, the New Mexico indictment would be dropped and the Michigan one pursued against him and his family. After Eddie Jackson refused to be an informant, the prosecution dropped the New Mexico indictment and pursued the Michgian one. He claims that the timing of the indictments "can only be interpreted as punishment against Jackson for exercising his constitutional right to be silent." We disagree. It is certainly within the discretion of prosecutors to attempt to induce criminal defendants to supply information. See generally People of Territory of Guam v. Fegurgur, 800 F.2d 1470, 1472 (9th Cir. 1986) (refusing to find pretrial plea negotiations unconstitutional unless it is shown that the prosecutor's threats were not permissible or not justifiable as a proper exercise of prosecutorial discretion). We agree with the district court that the facts reveal no reasonable likelihood of vindictiveness.
 
 
 3
 Eddie Jackson's other contentions are also meritless. The New Mexico indictment, which was dismissed before trial, did not constitute a bar to the subsequent indictment in Michigan and he did not suffer double jeopardy. See Serfass v. United States, 420 U.S. 377 (1975). The initial and subsequent wiretaps were based on a showing of probable cause, and the resulting information was not admitted in error as claimed. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Talbert 706 F.2d 464, 467 (4th Cir. 1983). Eddie Jackson's motion dealing with the seizure of his automobile must also be denied.
 
 
 4
 Octiviner Jackson and Annie Mae Murphy both complain that although they may have been associated with Eddie Jackson, they were not participants in his drug conspiracy. As this Court has said, " [i]n testing the sufficiency of evidence on appeal, on a defendant's motion for a judgment of acquittal, or on a motion for a new trial, the evidence and all reasonable inferences therefrom must be construed favorably to the Government.... The verdict of the jury must be maintained if there is any substantial evidence supporting it." United States v. Stroble, 431 F.2d 1273, 1276 (6th Cir. 1970) (citations omitted). In view of the advice that Octiviner gave her husband Eddie as to the logistics of the drug operation (e.g., to leave a car for co-conspirators during Tulsa drug run), we find her arguments singularly unpersuasive. As for Annie Mae Murphy, she seems to have acted as a veritable switchboard for the conspiracy. We cannot say that the district court abused its discretion in denying Murphy's motion for a new trial.
 
 
 5
 Ware argues that the district court improperly excluded some exculpatory hearsay evidence and that he deserves a retrial. Ware's theory at trial was that even though he drove Eddie Jackson from Michigan to New Mexico, Ware had no idea of what Jackson was doing in New Mexico and was not part of any heroin deals. To substantiate this somewhat incredible theory, he seeks to establish that he was not in the room when the drug negotiations took place. A government witness testified, however, that Ware was in fact present during the negotiations. Ware tried to get another co-conspirator, Richard Canales, to testify that Ware was not in the room as Canales had testified before the grand jury. Canales took the Fifth and was thus not available for testimony. Ware contends that Rule 804(b)(1) of the Federal Rules of Evidence (hearsay exception for when declarant is unavailable and has given testimony before where a predecessor in interest "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination") permitted the admission of Canales's grand jury testimony. But, as the district court noted, this evidence was cumulative. Two FBT agents who had been surveilling the conspiracy testified that Ware was not in the room during the actual drug negotiations. The district court did not abuse its discretion.
 
 
 6
 The judgments of the district court are affirmed.