5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vincenzo Rocco GIANFORTE, Defendant-Appellant.
 No. 91-10610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1992.
Decided Sept. 8, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona, D.C. No. CR-90-00303-EHC; Earl H. Carroll, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: HUG, PREGERSON, WIGGINS, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Vincenzo Rocco Gianforte, along with several other individuals, was charged with conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. Sec. 846. Gianforte was also charged with the possession of approximately twelve pounds of methamphetamine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and the use of a firearm to commit a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). The jury convicted Gianforte on the first two counts but acquitted him of the weapons charge. Gianforte appeals his convictions. We affirm.
 
 BACKGROUND
 
 7
 Gianforte was part of a conspiracy to distribute methamphetamine that was headed by Kim Beckstrom. The conspiracy existed from May, 1989, until August, 1990, and involved the sale of at least 100 pounds of methamphetamine. Gianforte began selling methamphetamine to Beckstrom in June of 1989. Although Kim Beckstrom testified that he purchased approximately 20 to 25 pounds of methamphetamine from Gianforte beginning in December of 1989, other testimony indicated that Beckstrom purchased at least 12 pounds of methamphetamine during June of 1989. Gianforte and Beckstrom began their relationship by dealing through Marlon Milberg. Later, they dealt directly with each other.
 
 DISCUSSION
 
 8
 A. The Prosecutor did not Impermissibly Appeal to the Passion of the Jury During Direct Examination and Closing Argument
 
 
 9
 Gianforte contends that during direct examination and closing argument the government presented irrelevant evidence solely to impassion the jury. Because Gianforte's trial counsel did not object to these alleged improprieties, we review for plain error. See United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). "A plain error is a highly prejudicial error affecting substantial rights." Dischner, 974 F.2d at 1515 (citation omitted). We should reverse Gianforte's conviction "only if the prosecutor's improper conduct so affected the jury's ability to consider the ... evidence fairly that it tainted the verdict and deprived [Gianforte] of a fair trial." See United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992) (citations omitted). We conclude that although the prosecutor may have elicited irrelevant testimony and made irrelevant arguments to the jury, his actions were not plain error.
 
 
 10
 Gianforte's principal contention is that the prosecutor repeatedly elicited irrelevant testimony designed to remind the jury that drugs tragically affect not only the user but the user's family. We agree with Gianforte that this evidence is only marginally relevant. However, this testimony does not rise to the high standard of plain error because it was a small portion of the witnesses' testimony. Likewise, the portions of the prosecutor's closing argument that Gianforte objects to are not plain error. The government's references to the objectionable testimony were made in passing and were not a significant portion in the government's case. Moreover, Gianforte's attorney used part of the testimony that Gianforte now finds objectionable--testimony regarding Jason Lee's personal drug use and Lee's use of his girlfriend's money to purchase methamphetamine--in his closing argument to discredit Lee's testimony. Thus, we cannot say that the testimony or prosecutorial statements were "highly prejudicial." See Dischner, 974 F.2d at 1515.
 
 
 11
 B. The District Court did not Err in Instructing the Jury on Conspiracy
 
 
 12
 Gianforte contends that the trial court erred by confusing the jury with its instructions for Count II, possession with intent to distribute 12 pounds of methamphetamine. The district court instructed the jury that it could convict under any of three different legal theories. Gianforte claims that the interrelated instructions prevented the jury from separately considering the evidence for the conspiracy and possession counts. He is incorrect.
 
 
 13
 A district court's formulation of jury instructions is reviewed for an abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). "Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo." Id.
 
 
 14
 After de novo review, we find that the instructions accurately stated the elements necessary to convict Gianforte of Count II. A conviction for possession with intent to distribute narcotics can be supported by three legal theories: (1) coconspirator liability under United States v. Pinkerton, 328 U.S. 640, 645-47 (1946), (2) aiding and abetting, and (3) exercising dominion and control over the contraband. United States v. Mares, 940 F.2d 455, 460 (9th Cir.1991) (citations omitted). The district court correctly instructed the jury regarding each of these theories.
 
 
 15
 C. The Government did not Engage in Vindictive Prosecution by Charging Gianforte with the Weapons Charge
 
 
 16
 Gianforte argues that the addition in the second superseding indictment of a gun charge constituted prosecutorial vindictiveness. The standard of review for vindictive prosecution is unsettled in the Ninth Circuit. Guam v. Fegurgur, 800 F.2d 1470, 1472 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987). The court has variously applied abuse of discretion, clearly erroneous, and de novo standards. See United States v. Martinez, 785 F.2d 663, 665-66 (9th Cir.1986); United States v. Gann, 732 F.2d 714, 724 (9th Cir.), cert. denied, 469 U.S. 1034 (1984). Gianforte's claim fails under any of these standards.
 
 
 17
 The mere fact that a prosecutor brings additional charges after failed plea negotiations does not create a presumption of vindictiveness. United States v. Goodwin, 457 U.S. 368, 378-80 (1982). Gianforte must prove an improper prosecutorial motive through objective evidence. See id. at 380 n. 12. He has not done so. He baldly asserts prosecutorial vindictiveness but does not allege any objective facts suggesting improper prosecutorial motives. Moreover, the government asserts that it received additional evidence concerning the weapons charge from cooperating coconspirators after the original indictment.
 
 
 18
 Sufficient evidence existed to constitute probable cause that Gianforte violated 18 U.S.C. Sec. 924(c), possession of methamphetamine with intent to distribute while using a firearm. Testimony at trial indicated that Gianforte owned several guns. Evidence also indicated that he often possessed a gun during drug deals. Because the government had probable cause to charge Gianforte with the weapons violation and because he has failed to demonstrate an improper prosecutorial motive, we reject his claim of prosecutorial vindictiveness.
 
 
 19
 D. Gianforte did not Receive Ineffective Assistance of Counsel
 
 
 20
 Whether Gianforte received ineffective assistance of counsel is a question of law that is reviewed de novo. See United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). Gianforte must demonstrate (1) that specific errors and omissions by his trial counsel fell "outside the wide range of professionally competent assistance" and (2) that he was actually prejudiced, i.e., that "there is a reasonable probability that, but for his counsel's ... errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 687-90, 694 (1984). Gianforte must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonably competent professional assistance. See id. at 689.
 
 
 21
 Gianforte specifically contends that he received ineffective assistance because his counsel failed to seek a suppression hearing regarding a search of Gianforte's condominium and because his counsel failed to request pretrial Rule 403 analysis or to object at trial concerning testimony of "numerous incidents or bad acts." We find that neither claim constitutes ineffective assistance of counsel.
 
 
 22
 1. Counsel's Failure to Seek a Suppression Hearing did not
 
 Render his Assistance Ineffective
 
 23
 Gianforte does not contest the validity of his arrest warrant. Rather, he contends that the officers violated his constitutional rights by securing, without a search warrant, both floors of his condominium. After securing the premises, the officers obtained a search warrant before thoroughly searching the condominium. We find that even if Gianforte's counsel had requested a suppression hearing, the evidence obtained through the search warrant would have been admitted at trial because the initial seizure of the condominium was a valid protective sweep. Therefore, Gianforte's counsel's failure to request a futile hearing does not constitute ineffective assistance of counsel.
 
 
 24
 The validity of a warrantless seizure is reviewed de novo. See United States v. Howard, 828 F.2d 552, 554 (9th Cir.1987). A protective sweep of a building may be justified by exigent circumstances if a reasonable officer would believe that it "was necessary to prevent physical harm to the officers...." Id. at 555 (citation omitted); United States v. Whitten, 706 F.2d 1000, 1014 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). However, "[t]here must exist 'specific and articulable facts which, taken together with rational inferences ...,' support the warrantless intrusion." United States v. Licata, 761 F.2d 537, 543 (9th Cir.1985) (citation omitted).
 
 
 25
 The sweep of Gianforte's condominium was a justified security sweep. Under the circumstances, we find that specific and articulable facts justified the agents' decision to secure the condominium to insure that no unknown and possibly dangerous persons were still on the premises. Moreover, the agents did not search the condominium until after they had obtained a valid search warrant. Accordingly, Gianforte's counsel did not render ineffective assistance by failing to request a suppression hearing.
 
 
 26
 2. Counsel's Failure to Request Pretrial Rule 403 Analysis
 
 
 27
 and to Object at Trial did not Render his
 
 Assistance Ineffective
 
 28
 Gianforte claims that numerous incidents or bad acts were introduced at his trial with no objection from his counsel and that these incidents served no purpose other than to inflame the jury against him. Gianforte's brief includes a long list of 27 incidents where he claims his counsel should have sought pretrial Rule 403 analysis or at least objected to their admission at trial. We find that the questioned testimony, however, was either properly presented or did not actually prejudice Gianforte, i.e., did not change the outcome of his trial. See Strickland 466 U.S. at 689.
 
 
 29
 Several of Gianforte's asserted errors are not errors at all because the testimony was relevant and admissible. Gianforte's allegations that he was prejudiced by hearsay testimony also fail to establish ineffective assistance of counsel because the alleged improperly admitted testimony was either presented by other witnesses or was harmless.
 
 
 30
 Two categories of testimony, however, are more problematic: (1) testimony regarding the effects of drug use on individuals and their families and (2) the prior bad acts of Gianforte. Nevertheless, we conclude that each of these categories of objectionable testimony constitute harmless error. Testimony detailing how Gianforte's coconspirators' bodies and families were negatively affected by drug use was harmless error because it was made in passing, was a small part of testimony, and because substantial other evidence supported Gianforte's convictions. Testimony regarding Gianforte's prior bad acts, specifically prior use and sale of cocaine, was partially corrected by instructions from the trial court and was, in any event, harmless.
 
 
 31
 Accordingly, we hold that the laundry list of errors alleged by Gianforte were not sufficiently prejudicial as to alter the outcome of his trial. Not only are the alleged errors minor, but substantial other evidence supported his convictions. Therefore, Gianforte did not receive ineffective assistance of counsel.
 
 
 32
 E. The District Court did not Err by Refusing to Give a Lesser Included Offense Instruction
 
 
 33
 Gianforte argues that because there was evidence that he possessed small quantities of methamphetamine, the district court should have given the jury the lesser included offense instruction of simple possession for Count II (possession with intent to distribute 12 pounds of methamphetamine). The standard of review for a district court's refusal to give a lesser included offense instruction is unclear in this circuit. United States v. Sitton, 968 F.2d 947, 959 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). Some cases apply an abuse of discretion standard while others review de novo. Id. We uphold the district court's refusal to give the simple possession instruction under either standard.
 
 
 34
 "A defendant is entitled to a lesser included offense instruction when 'the elements of the lesser offense are a subset of the charged offense' and a factual basis supports [the] instruction." United States v. Walker, 915 F.2d 480, 486 (9th Cir.1990) (citation omitted). A defendant is not entitled to a lesser included offense instruction unless "the evidence at trial is such 'that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.' " United States v. Powell, 932 F.2d 1337, 1342 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991) (quoting Schmuck v. United States, 489 U.S. 705, 716 n. 8 (1989)). Simple possession of a controlled substance is a lesser included offense of possession with intent to distribute. Sitton, 968 F.2d at 959. But, if a jury finds possession in circumstances where large quantities of drugs and other evidence tending to establish distribution are present, such a jury could not rationally conclude that there was not intent to distribute. Id. A simple possession instruction would therefore not be necessary. Id.
 
 
 35
 The evidence at Gianforte's trial would not support a rational jury's decision to convict for simple possession and acquit for possession with intent to distribute 12 pounds of methamphetamine during June of 1989. Gianforte admits that the jury heard substantial evidence that he dealt in large quantities of methamphetamine. We were unable to find any evidence, however, that Gianforte used small quantities of methamphetamine during June of 1989. In fact, Gianforte points in his discussion of the sufficiency of the evidence to Marlon Milberg's testimony that Milberg introduced Gianforte to methamphetamine in November of 1989. Milberg claimed that prior to that time, Gianforte had not used methamphetamine.
 
 
 36
 The jury heard evidence that large quantities of methamphetamine were being distributed for Gianforte by the Beckstroms. Any evidence of his personal drug use did not fit the time frame of Count II. Therefore, we hold that the jury could not rationally find that Gianforte possessed methamphetamine during June of 1989 for any purpose other than for distribution. See Sitton, 968 F.2d at 959.
 
 
 37
 F. The District Court Gave Adequate Instructions on Witness Credibility
 
 
 38
 Gianforte argues that the district court erred by not giving verbatim Ninth Circuit Model Jury Instruction Sec. 4.12 regarding the testimony of witnesses who have pleaded guilty. Specifically, Gianforte contends that:
 
 
 39
 Although [the district court] instructed the jury to view their testimony with "greater caution", the instruction does not contain the full strength of the specific language "great caution" as specifically contained in the Model Instructions.
 
 
 40
 We find that Gianforte fails in his attempt to split the "great caution" hair.
 
 
 41
 A district court's formulation of jury instructions is reviewed for an abuse of discretion. Johnson, 956 F.2d at 199. At trial, Gianforte's counsel requested that the district court instruct the jury on Secs. 4.08-4.12 of the model instructions so that the witnesses' testimony would "be considered with caution." His counsel did not request a specific instruction on "great caution." The district court in fact instructed the jury, consistent with Sec. 4.11, that they should consider testimony from accomplices with "greater caution than that of an ordinary witness." The district court combined Secs. 4.09 (testimony under grant of immunity) and 4.12 (witnesses who have pleaded guilty) and again instructed the jury that "[y]ou should examine these witnesses' testimony with greater caution than that of an ordinary witness." We find the instructions actually given to the jury adequately addressed witness credibility. Accordingly, the district court did not abuse its discretion.
 
 
 42
 G. The Evidence was Sufficient to Sustain Gianforte's Conviction for Possession with Intent to Distribute
 
 
 43
 Gianforte contends that the evidence presented at trial does not support his conviction in Count II for possession with intent to distribute 12 pounds of methamphetamine, in or about June 1989. The standard of review for insufficiency of the evidence is whether, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Under this standard, we affirm Gianforte's conviction.
 
 
 44
 Gianforte specifically argues that the evidence was insufficient because the testimony of two witnesses did not support the conclusion that Gianforte sold 12 pounds in June 1989. This testimony, however, was contradicted by testimony from Debbie Walsh and Shellie Beckstrom. Both testified that they were involved in sales of methamphetamine by Gianforte to Kim Beckstrom during the period from June to August, 1989.
 
 
 45
 The jury was in the best position to evaluate inconsistencies in testimony. We find, viewing the evidence in the light most favorable to the prosecution, that a rational juror could have found beyond a reasonable doubt that Gianforte possessed and intended to distribute 12 pounds of methamphetamine in or about June, 1989. See Bishop, 959 F.2d at 829.
 
 
 46
 H. The District Court did not Err by Denying Gianforte's Motion for New Trial
 
 
 47
 A trial court's denial of a motion for a new trial is reviewed for an abuse of discretion. United States v. George, 960 F.2d 97, 101 (9th Cir.1992). The basis for Gianforte's claim that the district court should have granted him a new trial consists merely of the other arguments he asserts in this appeal. As discussed above, those claims are without merit. Accordingly, we find that the district court did not abuse its discretion by denying Gianforte's motion for a new trial.
 
 CONCLUSION
 
 48
 Gianforte's convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3