19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie GARCIA Defendant-Appellant.
 No. 93-10692.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided March 10, 1994.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Garcia appeals his convictions following jury trial for one count of obstructing justice in violation of 18 U.S.C. Sec. 1503 and two counts of making false declarations in violation of 18 U.S.C. Sec. 1623. Garcia contends that the district court erred by not striking a prosecution witness' testimony that Garcia had a bad reputation and by not granting a mistrial on that basis. Garcia further asserts that the introduction of the reputation evidence constituted prosecutorial misconduct. Garcia also contends that the district court improperly restricted his right to cross examine witnesses. We affirm the convictions.
 
 
 3
 This court reviews for abuse of discretion the district court's admission of evidence, United States v. Gillespie, 852 F.2d 475, 479 (9th Cir.1988), and denial of a motion for a mistrial. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991). Garcia's first contention of error, that the district court erred by denying his motion to strike the testimony of a former prosecutor that Garcia, a former United States Border Patrol Agent, had a bad reputation with the United States Attorney's Office, has some merit. However, because any such error was harmless, Garcia's contention that the district court erred in denying his motion for a mistrial is unpersuasive.
 
 
 4
 The Government may introduce evidence of a defendant's bad character only if the defendant first puts his reputation at issue. Fed.R.Evid. 404(a)(1), 405(a); United States v. McLister, 608 F.2d 785, 789-90 (9th Cir.1979). Garcia's cross-examination of Assistant U.S. Attorney Espinosa called into question the Government's failure in 1990 to call then Border Patrol Agent Garcia at the trial of Hermelinda Aguilar, an occasional Border Patrol informant, as originally planned to refute Aguilar's claimed unfamiliarity with the narcotics she was charged with conspiring to distribute. At Garcia's own trial in 1992, the Government's questioning of Espinosa on redirect was phrased reasonably narrowly to explore the reasons for this change of the Government's tactics at Aguilar's trial and thus did not per se venture into impermissible subject matter. Garcia's reputation was raised only when Espinosa, in response to this properly focused question, revealed that at Aguilar's trial the Government became reluctant to impeach the defendant's testimony with the cumulative, potentially confusing and likewise impeachable testimony of an agent who did "not have a good reputation with [the U.S. Attorney's] office."
 
 
 5
 While Aguilar's testimony, rather than the Government's examination of Garcia on redirect, broached impermissible subject matter, a motion for mistrial could not be supported solely on that basis. The admission of a single comment by a witness impugning a defendant's character only in the most general terms and arising sua sponte from testimony not expressly or solely educed by examining counsel for such purpose, does not perforce render the denial of a motion for mistrial an abuse of discretion. United States v. Dorn, 561 F.2d 1252, 1257 (7th Cir.1977); see also, United States v. Chu, 5 F.3d 1244, 1251 (9th Cir.1993) (finding no abuse of discretion where district court admitted testimony on redirect bearing on defendant's reputation with and interest to foreign law enforcement agency when defendant opened the door to this inquiry on cross-examination).
 
 
 6
 Moreover, even where erroneous, the admission of character evidence may be harmless error. Gillepsie, 852 F.2d at 478. Improperly admitted evidence is harmless error if, more probably than not, the prejudice resulting from the error did not materially affect the verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). Overwhelming evidence of guilt can render an error harmless. See United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). Here, four law enforcement officers, the former prosecutor, and the informant testified that Garcia's testimony contradicted his prior statements and thus supported the inference that he perjured himself at Aguilar's trial. Given this strong, independent evidence of Garcia's guilt, even if the admission of character evidence was error, it was harmless and did not warrant a mistrial.
 
 
 7
 Garcia further contends that the Government intentionally elicited the inadmissible character evidence, thereby engaging in prosecutorial misconduct because Espinosa was a former Assistant U.S. Attorney, was familiar with the rules of evidence, and must have discussed his testimony with the prosecutor. This argument lacks merit.
 
 
 8
 This court reviews for plain error allegations of prosecutorial misconduct when the defendant failed to object on that basis below. United States v. Laurins, 857 F.2d 529, 538 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). The prosecutor's conduct must be viewed in the context of the trial to determine if reversal is necessary to prevent a miscarriage of justice. Id. at 539.
 
 
 9
 Prosecutorial misconduct occurs when the prosecutor elicits irrelevant and improper evidence. Chu, 5 F.3d at 1250 (finding prosecutor improperly elicited testimony that gambling operation was controlled by a crime syndicate). When a former prosecutor testifies, he may not express his personal belief in the credibility of witnesses or the defendant's guilt. United States v. McKoy, 771 F.2d 1207, 1211 (9th Cir.1985).
 
 
 10
 Here, although Espinosa's testimony was arguably improper, Garcia offers no proof that the prosecutor conspired with Espinosa to introduce the reputation evidence. Even assuming that prosecutorial misconduct occurred, the introduction of the reputation evidence was harmless in light of the overwhelming evidence of guilt, and consequently, not plain error. See Chu, 5 F.3d at 1250; United States v. Solomon, 825 F.2d 1292, 1300 (9th Cir.1987) (plain error standard "more exacting" than harmless error test), cert. denied, 484 U.S. 1046 (1988). The character testimony was brief and Garcia does not claim that the prosecutor referred to Garcia's reputation in closing argument. See People of Territory of Guam v. Fegurgur, 800 F.2d 1470, 1473 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987). Therefore, the alleged error did not result in a miscarriage of justice. See Laurins, 857 F.2d at 539; Solomon, 825 F.2d at 1300.
 
 
 11
 Garcia's third contention of error is that the district court erred in restricting his cross examination of two agents about their practice of writing down information they received from various sources. Because the district court limited only Garcia's pursuit of redundant testimony, we disagree.
 
 
 12
 This court reviews for abuse of discretion the district court's decision to limit the scope of cross examination. United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). The district court has considerable discretion to limit cross examination to prevent delay or avoid cumulative evidence. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) ("judges retain wide latitude ... to impose reasonable limits on ... interrogation that is repetitive or only marginally relevant"); United States v. Gomez, 846 F.2d 557, 559 (9th Cir.1988). This court evaluates whether the " 'jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " United States v. Brown, 936 F.2d 1042, 1049 (9th Cir.1991) (quoting Skinner v. Cardwell, 564 F.2d 1381, 1389 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978)).
 
 
 13
 Here, when the district court limited Garcia's cross examination of an additional witness, two agents had already testified that they did not record every piece of information they received. Besides, because each agent expressly testified that Garcia had not told them about the heroin transactions and Garcia had not arranged a meeting with Aguilar on the heroin deals, the fact that the agents sometimes received information that they did not record was only marginally relevant to the issues at trial. See Van Arsdall, 475 U.S. at 679. The jury had sufficient information to appraise Garcia's contention that the absence of notes of a meeting between the agents and Aguilar did not alone belie his testimony that such a meeting took place. Garcia already having garnered ample testimony from two agents about their procedures for recording information, the district court did not abuse its discretion by precluding cross examination of a third agent on the same, marginally relevant, issue.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3