26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan E. PLATT, Defendant-Appellant.
 No. 93-30405.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan E. Platt appeals his conviction, following a jury trial, for four counts of failure to file income tax returns in violation of 26 U.S.C. Sec. 7203 for the tax years 1985 to 1988. He contends that prosecutorial misconduct requires reversal of his conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Conviction for willful failure to file a tax return requires proof of three elements: the defendant was required to file a return, he failed to do so and his failure was willful. See United States v. Vroman, 975 F.2d 669, 671 (9th Cir.1992), cert. denied, 113 S.Ct. 1611 (1993). Platt contends his right to a fair trial was prejudiced when the prosecutor purposefully elicited improper testimony and made improper comments in order to secure Platt's conviction on matters other than the elements at issue.
 
 
 4
 When assessing claims of prosecutorial misconduct, we must determine whether the purported incidents of misconduct were preserved for appeal, whether prosecutorial misconduct in fact occurred and, if so, whether the defendant suffered prejudice which, considered in the context of the entire trial, denied him a fair trial. United States v. Sanchez-Robles, 927 F.2d 1070, 1076-77 (9th Cir.1991); United States v. Yarbrough, 852 F.2d 1522, 1539 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 5
 Absent timely objection, prosecutorial misconduct is cause for reversal only if it constitutes plain error. People of Territory of Guam v. Fegurgur, 800 F.2d 1470, 1473 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987). When a timely objection has been made, we review a claim of prosecutorial misconduct de novo. See United States v. Rewald, 889 F.2d 836, 860 (9th Cir.1989), cert. denied, 498 U.S. 819 (1990).
 
 
 6
 In his opening statement, the prosecutor informed the jury that Platt had sent the Internal Revenue Service ("IRS") a check for $9,800 in 1985 but had failed to pay the IRS any money since that time. Pre-trial, the magistrate judge had issued a ruling excluding any evidence, other than certificates of assessments, showing that Platt had failed, after filing his delinquent returns on June 12, 1990, to make any payments to the IRS on the tax years in question. To the extent that the prosecutor's statement included Platt's failure to make any such payments after June 12, 1990, the statement may have violated the magistrate judge's ruling.[1] Defense counsel, however, did not contemporaneously object to the prosecutor's statement. Instead, at the close of the prosecutor's opening statement, counsel stated he had an objection which he wanted to raise at a later time. Counsel did not articulate his objection until a second side bar. Even were we to find the prosecutor's statement improper, counsel's failure to timely object renders this incident subject to plain error review. See Fegurgur, 800 F.2d at 1473. The prosecutor's statement concerning Platt's failure to pay taxes after 1985, considered in the context of the entire trial, was insufficient to deny Platt a fair trial on the charges that he willfully failed to file income tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539. Several times during the trial, the magistrate judge admonished the jury that evidence of nonpayment should be disregarded as tax liability was not an issue in this case because Platt was charged with failure to file returns, not failure to pay taxes. Consequently, we affirm the district court's decision that this statement did not constitute plain error. See Fegurgur, 800 F.2d at 1473.
 
 
 7
 The prosecution called Cynthia Kisselburg, an IRS agent who audited Platt. When asked if Platt was assessed a penalty for an inventory cost of goods problem, Kisselburg responded that to the contrary Platt was entitled to a cost of goods deduction which he had not taken. Kisselburg, however, also added that Platt was assessed a penalty for failure to declare his Alaska Permanent Fund dividend of $1,000. Only after Kisselburg had completed her testimony and been excused did defense counsel object and move for a mistrial. The magistrate judge denied the motion, admonished counsel to object contemporaneously, and admonished the prosecutor to confine his inquiry to the elements at issue. Platt contends that the Alaska Permanent Fund testimony violated Federal Rule of Evidence 404(b)'s requirement of advance notice prior to introduction of other act evidence. Arguably, Platt waived any objection to the dividend testimony when on cross-examination of Kisselburg, he introduced the final audit worksheet which reflected Platt's failure to report the dividend. Even were we not to find a waiver, we are not convinced that Kisselburg's statement can be attributed to the prosecutor. See United States v. Christophe, 833 F.2d 1296, 1301 (9th Cir.1987) (witness's volunteered statement not attributed to the prosecutor). But even were we to attribute the statement to the prosecutor, we are not persuaded that the statement concerning Platt's failure to declare the Alaska Permanent Fund dividend, viewed in the context of the entire trial, was so inflammatory as to deny Platt a fair trial on the charges that he willfully failed to file income tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539. Platt's jury was admonished on several occasions that Platt was charged with failure to file tax returns and therefore tax liability was not at issue. Consequently, we affirm the district court's decision that this statement did not constitute plain error. See Fegurgur, 800 F.2d at 1473.
 
 
 8
 The government called Muriel Taylor, vice-president of a company which purchased Platt's business. She testified that when she asked Platt in 1990 if his business had ever been examined by the IRS, he told her he had no problems with the IRS after 1983. Defense counsel, in order not to highlight Taylor's testimony, did not object until the next side bar. The magistrate judge denied the objection and again admonished defense counsel to object contemporaneously. Platt argues that admission of the testimony was error because: (1) as of the time of Taylor's testimony, Platt was not a witness and therefore his credibility was not at issue; and (2) Federal Rule of Evidence 608(b) permits inquiry into specific instances of conduct only on cross-examination and in the discretion of the court. We need not decide these issues because we reject Platt's argument that this testimony prejudiced his right to a fair trial on the charges that he willfully failed to file tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539. Consequently, we agree with the district court that admission of this testimony, did not constitute plain error. See Fegurgur, 800 F.2d at 1473.
 
 
 9
 The government called Rick Schikora, a tax preparer hired by Platt, and elicited from Schikora that he reduced Platt's bill in response to an inquiry from Platt. Platt did not object to this testimony at trial. Platt argues that this testimony violated Federal Rule of Evidence 404(b)'s advance notice requirement before introduction of other act evidence. We reject Platt's argument that this testimony denied him a fair trial on the charges that he willfully failed to file income tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539. Consequently, we agree with the district court that admission of this testimony, did not constitute plain error. See Fegurgur, 800 F.2d at 1473.
 
 
 10
 The government called Sharon Blackwell, an accountant hired by Platt. During direct examination, the prosecutor asked her if she had any ill feeling toward Platt and why. Before Blackwell answered the second of these two questions, defense counsel objected. At sidebar, the government explained that Blackwell would testify that Platt had not paid Blackwell for her work and he wanted to defuse any showing of bias which the defense might make on cross-examination. After discussion, it was agreed that the government would merely ask Blackwell if she testified truthfully despite any personal feelings. We agree with the district court that this incident did not constitute prosecutorial misconduct.[2] See Sanchez-Robles, 927 F.2d at 1076-77.
 
 
 11
 The government called Tracy Seidel, a loan officer who had processed one of Platt's loan applications. During direct examination, the prosecutor asked her to identify a number of documents. Seidel did so, but also added that one of Platt's loan applications had been denied because of an unsatisfactory credit history. Defendant objected. The court ordered portions of Seidel's answer stricken and directed her to limit her answer to the question asked. We agree with the district court that this incident did not constitute prosecutorial misconduct. See Christophe, 833 F.2d at 1301 (witness's volunteered statement not attributed to the prosecutor).
 
 
 12
 During direct examination of Schikora, the prosecutor showed Schikora a document and asked whether his firm had prepared it. Schikora responded he doubted it because his firm's name was misspelled. Defense counsel objected on Rule 404(b) grounds. The magistrate judge sustained the objection and ordered the answer stricken. We hold that striking the answer was sufficient to cure any improper suggestion which may have been raised by the prosecutor's question. See United States v. Mikka, 586 F.2d 152, 155-56 (9th Cir.1978), cert. denied, 440 U.S. 921 (1979). However, even if striking the answer did not remove the implication that Platt had prepared the document, any prejudice from this suggestion, considered in the context of the entire trial, was insufficient to deny Platt a fair trial on the charges that he willfully failed to file income tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539.
 
 
 13
 During cross-examination of Platt, the prosecutor asked Platt if since filing his delinquent returns he had paid taxes for any of the years in question. Defense counsel objected and moved for a mistrial. The prosecutor argued that Platt had opened the door to this line of inquiry because on direct exam Platt had represented that his failure to file was not willful, but done in good faith. The magistrate judge denied Platt's motion for mistrial but sustained the objection and admonished the jury that tax liability was not an issue in this case because Platt was charged with failure to file returns, not failure to pay taxes. The prosecutor's question violated the magistrate judge's pre-trial ruling excluding any evidence, other than certificates of assessments, showing that since filing his delinquent returns in June of 1990, Platt had failed to make any payments to the IRS on the tax years in question. We disapprove of the prosecutor's question but find that the magistrate judge's admonishment to the jury cured any error. See United States v. Aichele, 941 F.2d 761, 765 (9th Cir.1991).
 
 
 14
 Later in the course of cross-examining Platt, the prosecutor asked Platt whether he was a wage earner in 1982 and whether he had declared himself exempt from withholding. Before Platt answered the second of those two questions, defense counsel objected. The magistrate judge sustained defense counsel's objection and the prosecutor's inquiry was terminated. Because the magistrate judge had previously ruled that the 1982 exemptions were a collateral matter not to be explored, we disapprove of the prosecutor's question. Yet even though we find the prosecutor's question improper, it did not prejudice Platt's right to a fair trial. A number of times during trial, the magistrate judge admonished the jury that Platt was charged with failure to file returns, not failure to pay taxes. Any lingering prejudice from the suggestion that Platt had claimed he was exempt from withholding in 1982 was insufficient, considered in the context of the entire trial, to deny Platt a fair trial on the charges that he willfully failed to file income tax returns for the tax years 1985 to 1988. See Yarbrough, 852 F.2d at 1539.
 
 
 15
 Finally, Platt argues that the cumulative weight of prosecutorial misconduct denied him a fair trial. We disagree. Conviction for willful failure to file tax returns requires proof that the defendant was required to file a return, he failed to do so and his failure was willful. See Vroman, 975 F.2d at 671. Platt's right to a fair trial on the charge that he willfully failed to file tax returns was not compromised by any prosecutorial misconduct, whether weighed in isolation or in the aggregate. See Yarbrough, 852 F.2d at 1539.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Platt conceded pre-trial that the government was entitled to show that he had not made any payments to the IRS from April 1985 through June 12, 1990. To the extent that the prosecutor's statement included Platt's failure to pay taxes from April of 1985 to June of 1990, the statement did not violate the magistrate judge's ruling
 
 
 [2]
 Over defense objection, this evidence later came in on cross-examination of Platt. Platt does not contend that the trial court's ruling admitting this evidence was erroneous