**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Armando BERMUDEZ–BARBA,**
**Defendant—Appellant.**

No. 01–50605.
D.C. No. CR–00–01609–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Dec. 10, 2002.

Before THOMPSON, RAWLINSON,

Circuit Judges, and SCHWARZER,* Senior District Judge.

MEMORANDUM **

Defendant–Appellant Armando Bermudez–Barba ("Bermudez–Barba") appeals his conviction and sentence for importation of a controlled substance in violation of 21 U.S.C. §§ 952, 960 and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

■ The constitutional principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) are not offended by 21 U.S.C. § 960 because that section does not prohibit the jury from determining drug type and quantity. *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002). Neither does *Apprendi* require that the indictment allege or the government prove that the defendant knew the type and amount of the controlled substance he imported or possessed. *See United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002).

The district court did not err when instructing the jury. Since knowledge of drug type and quantity are not elements of the charged offense, the district court properly instructed the jury that Bermudez–Barba need only know that the substance was some kind of prohibited drug. *See Carranza*, 289 F.3d at 644.

■ The district court did not plainly err when it admitted evidence of prior border crossings. *See Scott v. Ross*, 140 F.3d 1275, 1285 (9th Cir.1998) (holding that when the district court's ruling on a motion in limine lacks definitiveness and the party failed to object to the evidence again during trial, the trial court's decision is reviewed for plain error). Admitting the evidence was not clear or obvious error because evidence of Bermudez–Barba's prior crossings could be plausibly viewed as inextricably intertwined with the drug smuggling by showing how Inspector Johnson recognized Bermudez–Barba. *See United States v. Andaverde*, 64 F.3d 1305, 1314–15 (9th Cir.1995) (characterizing prior acts evidence as inextricably intertwined when used to provide background and context as to how evidence was obtained); *United States v. Sanchez–Robles*, 927 F.2d 1070, 1078 (9th Cir.1991) (finding Rule 404(b) inapplicable when the evidence is inextricably intertwined with the evidence of the crime charged).

Nor did admission of the prior border crossings evidence affect Bermudez–Barba's substantial rights. Bermudez–Barba had notice that Inspector Johnson identified him as previously crossing the Tecate Port of Entry from her report indicating that Bermudez–Barba was a "semi-regular driver." *See United States v. Erickson*, 75 F.3d 470, 478 (9th Cir.1996). Finally, admission of the prior crossings did not implicate fairness of the judicial proceedings because: 1) the questioning by the Government was brief, 2) the Government appears to have presented the evidence to establish that Inspector Johnson recognized Bermudez–Barba, and 3) Bermudez–Barba does not allege that the Government made any argument that the prior crossings constituted character evidence. *See United States v. Gomez–Norena*, 908 F.2d

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

497, 501 (9th Cir.1990) (finding no plain error when improper evidence used only for background purposes); *People of Territory of Guam v. Fergurgur,* 800 F.2d 1470, 1473 (9th Cir.1986) (holding no plain error where improper questioning was brief, and the government did not refer to the evidence in summation or rely upon it for an improper purpose). Accordingly, the admission of Inspector Johnson's statements of prior border crossings did not constitute plain error.

The district court did not err in admitting Bermudez–Barba's confession. At the suppression hearing, the Government offered sufficient evidence that Bermudez–Barba's confession was voluntary, which Bermudez–Barba did not dispute. *See Lego v. Twomey,* 404 U.S. 477, 489–90, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) (approving the admission at trial of a defendant's confession where the government proved by a preponderance of the evidence that the confession was voluntarily rendered). The additional testimony offered by Bermudez–Barba at trial to support his claim of coercion only went to the weight the jury should give the admitted confession, and the jury was properly instructed. *See Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *see also United States v. Hoac,* 990 F.2d 1099, 1108 n. 4 (9th Cir.1993).

The district court did not err by failing to make specific findings as to the safety valve departure set forth in the United States Sentencing Guidelines Manual § 5C1.2. This issue was waived because Bermudez–Barba did not object when the district court denied the departure pursuant to the Presentence Report's finding that he did not meet the fifth criteria of

§ 5C1.2. *See United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1266 (9th Cir. 1998). Even if the issue had not been waived, Bermudez–Barba was not entitled to a downward departure because he did not provide any evidence to the district court that the Government had debriefed him as required by § 5C1.2(a)(5). *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996).

AFFIRMED.