**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
     *Plaintiff-Appellant,*

v.

WICKETT D. MORRIS,
     *Defendant-Appellee.*

No. 10-10009

D.C. No.
3:08-cr-00887-
MHP-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted
January 14, 2011—San Francisco, California

Filed February 2, 2011

Before: J. Clifford Wallace, John T. Noonan, and
Barry G. Silverman, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Barbara Valliere (argued), United States Department of Justice, San Francisco, California, for the plaintiff-appellant.

Paul Delano Wolf (argued), Law Offices of Paul Delano Wolf, Oakland, California, and Lynn M. Keslar, Law Offices of Lynn M. Keslar, Oakland, California, for the defendant-appellee.

**OPINION**

PER CURIAM:

The United States appeals from the district court's order dismissing an information against Wickett Morris filed pursuant to 21 U.S.C. § 851. We reverse and remand.

BACKGROUND

On December 9, 2008, a grand jury charged Morris with possessing more than fifty grams of crack cocaine with intent to distribute it within 1000 feet of a public housing authority, which is prohibited by 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 860(a). On December 11, Morris was arrested.

Section 851 of Title 21 requires a United States Attorney to file an information listing previous convictions before a district court may enhance a sentence based on an applicable drug felony. 21 U.S.C. § 851(a)(1). Morris had been convicted of a felony drug offense in 1997. In the absence of a properly filed information, Morris would be subject to a mandatory minimum sentence of ten years' imprisonment. In the event that the government filed a § 851 information listing the 1997 conviction, however, Morris would face a mandatory minimum sentence of twenty years' imprisonment.

At his December 18, 2008 detention hearing, the government made an offer to Morris's counsel, later spelled out as follows: The government would agree not to file an information if Morris agreed not to litigate the case, to plead guilty, and to cooperate as a witness in the upcoming murder and drug dealing trial of Dennis Cyrus, Jr., a leader of the gang with which Morris was associated. After receiving the government's proposal, Morris's counsel sought and received a delay in the detention hearing.

On January 23, 2009, the government met with Morris and his counsel. The government reiterated its proposal. The gov-

ernment also discussed relocation options for Morris if he felt endangered by cooperating. The Cyrus trial was approaching. The government told Morris to respond by January 26, 2009. On the deadline date, counsel requested and received an extension until February 2, 2009.

On January 28, 2009, counsel attempted to visit Morris in detention. Morris refused to see him. The same day, counsel asked the government for more time because Morris wished to hire another attorney. The government declined the request and filed the § 851 information shortly after the February 2 deadline passed.

On March 10, 2009, the grand jury issued a superseding indictment against Morris, which charged him and co-defendant Cynthia Jones with violating the same statutory provisions as before: 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 860(a). The superseding indictment also charged that Morris and Jones had intent to distribute 50 grams or more of crack cocaine within 1000 feet of an elementary school. The government later filed a new information against Morris tied to the superseding indictment alleging a prior felony drug conviction in 1996.

The government had the option of filing an information against Jones because of her prior drug felony conviction. The government made an offer to Jones that mirrored the one previously made to Morris. Jones rejected the government's offer, and the government filed an information against her.

Jones then successfully moved the district court to strike the information in her case. The district court held that "the prosecutor's actions offend due process." The court reasoned that the "prosecution's tactics short-circuited the truth-finding process" by requiring Jones to forfeit most of her rights from the start of proceedings. The district court further concluded that plea bargaining requires a "give-and-take" and that no give-and-take had taken place. The government had made "an

offer to possibly make an offer—after defendant had forfeited her right against self-incrimination."

Following Jones's lead, Morris also moved to strike the information in his case. The court granted his motion, incorporating the legal analysis from its order as to Jones. The court was "convinced that the nature of the 'deal' offered to Morris was essentially indistinguishable from that of the 'deal' offered to Jones."

The government now appeals from the district court's order striking Morris's § 851 information.

## ANALYSIS

*The Standard of Review*. We review due process claims de novo. *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991).

**[1]** *Due Process*. In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Supreme Court held that a prosecutor's decision to carry out a threat made during plea discussions does not violate the Due Process Clause. *Id.* at 358. The prosecutor in *Bordenkircher* had offered to recommend a five-year sentence if the accused pled guilty to a one-count indictment. If the accused did not plead guilty, the prosecutor threatened to seek an indictment under the state's habitual criminal act, which would have subjected the accused to the risk of a mandatory life term. The Court reasoned that the prosecutor's actions did not offend due process because the prosecutor had "no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Id.* at 365.

**[2]** *Bordenkircher* controls, and it is indistinguishable from the instant case. As in *Bordenkircher*, the government gave Morris the choice to plead guilty or face the possibility of much greater punishment based on his prior conviction. In

both cases, the accused had lawyers to help them understand the consequences of the government's offers. *See id.* at 363 ("Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion . . . ."). When the accused did not agree to the terms, the government carried out its previous threats to double the potential sentence.

**[3]** Unlike *Bordenkircher*, the government's offer was conditioned on Morris's testifying in another trial. But we have repeatedly held that deals conditioned on cooperation are permissible. *See, e.g.*, *United States v. Gardner*, 611 F.2d 770, 773 (9th Cir. 1980); *see also People of the Territory of Guam v. Fegurgur*, 800 F.2d 1470, 1472 (9th Cir. 1986). The government premised the plea bargain on Morris giving up many rights, including his statutory right to seek release. Relinquishment of such rights is an acceptable part of most plea deals. *See United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]f it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as statutory right to appeal a sentence, is also waivable."). That the government made its offer at the outset of proceedings does not change our calculus. *See United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009) (discussing fast-track plea agreement programs that lead to early dispositions of cases). The government gave Morris several weeks to consider the offer from the time it was first made to Morris's counsel. The timeframe is not problematic. *See id.* That Morris and the government negotiated little during this timeframe does not mean that the government deprived Morris of a protected right. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("there is no constitutional right to plea bargain").

**[4]** We recognize that *Bordenkircher* requires a "give-and-take," but this does not mean that the government must

engage in an extensive series of back-and-forth negotiations for a plea offer to be valid. *See* 434 U.S. at 363. There is nothing fundamentally wrong with the prosecution's decision to present its best offer up front. Accordingly, under the circumstances of this case, we conclude that the government did not offend due process by extending a take it or leave it plea offer to Morris.

## CONCLUSION

For these reasons, the district court's order dismissing the information is REVERSED and the case is REMANDED.