**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>VICTOR VEVEA,<br><br>        Defendant - Appellant. | No. 08-10080<br><br>D.C. No. CR-03-05410-LJO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Victor VeVea appeals his conviction and sentence for "unlawful access to

stored communications," 18 U.S.C. § 2701(a) (1996) (amended 2002). We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

1.     VeVea raises several arguments relating to how the offense was classified in certain documents and proceedings before the district court.  He complains that the offense's Class B misdemeanor designation is inconsistent with the superseding information's charge of an element enhancing the offense to a Class A misdemeanor, as well as the district court's imprecise statement at sentencing that the offense was "a petty offense, not a misdemeanor." Notwithstanding these irregularities, the record is absolutely clear that VeVea was tried, convicted, and sentenced only for a Class B misdemeanor,[1] which is a petty offense.  18 U.S.C. § 19.  Because the Class B misdemeanor was a lesser-included offense of the superseding information charge, the government was permitted to prosecute that offense.  *See United States v. Gavin*, 959 F.2d 788, 791–92 (9th Cir. 1992).  Further, because VeVea was tried only for a Class B misdemeanor, his prosecution was not governed by the Speedy Trial Act, 18 U.S.C. § 3172(2), and he was not entitled to a jury trial, *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989).

---

[1] VeVea's argument that we are bound by the district court's imprecise statement at sentencing misapplies *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).  The rule of *Munoz-Dela Rosa* addresses only oral pronouncement of the sentence itself, not the offense's legal classification. Further, we need not consider the original judgment's listing of the wrong statutory subsection because that typographical error is now corrected.

2.     VeVea was not denied the Sixth Amendment right to counsel because he is not indigent and the district court did not prevent him from having his chosen attorney represent him. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) ("[T]he Sixth Amendment's protection of one's right to retain counsel of his choosing . . . does not go beyond the individual's right to spend his own money to obtain the advice and assistance of counsel." (internal quotation and alteration omitted)).

We recognize that there is authority for non-indigent defendants' entitlement to appointed counsel in certain cases. *E.g.*, *United States v. Rivera-Corona*, 618 F.3d 976, 982 n.5 (9th Cir. 2010). Although our cases do not say what circumstances may give rise to this entitlement, we need not decide that here. Whatever the extent of non-indigent defendants' entitlement to appointed counsel, the district court did not err in denying appointed counsel to VeVea. The district court in fact appointed two attorneys to represent VeVea, both of whom, according to the district court, withdrew as a result of conflicts with VeVea. VeVea's first and second appointed lawyers represented him through October 16, 2007, a period of nearly four years of representation. After his second appointed lawyer withdrew, VeVea did not move for appointment of replacement counsel until December 26, 2007, more than two months after his second attorney withdrew and

less than one month before the scheduled trial date. Although VeVea told the district court that he was struggling to find an attorney whose rate he could reasonably afford, he does not appeal the district court's determination that he had adequate financial means to retain counsel. Further, he made no showing before the district court that he was unable to obtain counsel for non-financial reasons such as "the unpopularity of the cause with which [he was] identified." 3B Charles A. Wright, et al., *Federal Practice & Procedure* § 732 (3d ed. 2010). To the contrary, that VeVea acquired representation for trial, with his third lawyer's representation commencing at least by the start of the trial, tends to show that counsel was available to him. Because VeVea did not establish before the district court that he was unable to obtain counsel, for reasons financial or otherwise, the district court did not err in denying VeVea appointed counsel.

3. VeVea was not denied the Sixth Amendment right to a speedy trial under *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972). "If . . . the defendant is responsible for the delay in his trial, then he carries a heavy burden of demonstrating actual prejudice to succeed on a speedy trial claim." *United States v. Tanh Huu Lam*, 251 F.3d 852, 859 (9th Cir. 2001). Here, the delay in reaching trial is attributable to VeVea's own conduct, both his litigation tactics and his causing two attorneys to withdraw. And VeVea's assertion that he was prejudiced

4

by the death of prospective witness Dean J. Miller is speculative. *See id.* at 860 (stating that a defendant's "contentions regarding alleged defects in witness testimony or lost evidence amount at most to speculation and fail to demonstrate any actual prejudice to his defense"). Because VeVea has not satisfied his "heavy burden of demonstrating actual prejudice," *id.* at 859, we will not conclude that a Sixth Amendment speedy trial violation occurred.

4.    The district court did not err by declining to order state officials, who searched VeVea's home and workplace in a related investigation, to produce an inventory of seized items pursuant to Federal Rule of Criminal Procedure 41(f)(1)(B). The rule, by its terms, requires creation of an inventory only for searches authorized by warrants issued under the federal rules. It does not govern searches authorized by state search warrants. Further, VeVea shows no prejudice to his defense resulting from the state's failure to produce an inventory of seized items, which were not used in the federal prosecution.

5.    The district court did not abuse its discretion by denying VeVea's request for 73 subpoenas duces tecum. The district court made clear at the pretrial hearing of January 4, 2008, that the number of subpoenas requested was unreasonable, and VeVea never sought to accommodate the district court's concern by requesting fewer subpoenas. The record does not suggest that a request for a

5

reasonable number of subpoenas duces tecum, tendered with an explanation of the need to subpoena certain witnesses for trial, would have been denied. All that is before us is the district court's denial of the requested 73 subpoenas duces tecum in what the court correctly considered the trial of a petty offense. In these circumstances, the district court's determination was a proper exercise of its "inherent power[] . . . to manage [its] cases and courtroom[] effectively . . . so as to achieve the orderly and expeditious disposition of cases." *United States v. Kent*, __ F.3d __, 2011 WL 2020853, *4 (9th Cir. May 24, 2011) (internal quotations omitted).

6. At trial, the district court did not err by admitting into evidence cloned computer hard-drives and testimony about their contents. We recognize that, for purposes of the best evidence rule, data produced by an electronic device is a "writing" subject to the rule. *United States v. Diaz-Lopez*, 625 F.3d 1198, 1202 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2918 (2011). But VeVea made no showing that admission of "the duplicate[s] in lieu of the original[s]" was "unfair," Fed. R. Evid. 1003(2), so the district court did not err by admitting them. The cloned hard-drives properly having been admitted into evidence, testimony about their contents was unobjectionable. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).

7. VeVea is not entitled to a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963), despite the post-trial disclosure that files residing on a clone of his laptop computer's hard-drive bore a date during the period that the laptop was seized, because, even if evidence arguably favorable to VeVea was withheld in this respect, VeVea has not shown "'a reasonable probability' that the result of the trial would have been different if the [allegedly] suppressed [evidence] had been disclosed." *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

8. We reject VeVea's argument that he was denied an unbiased fact-finder. The district court's suggestion that defense counsel could call VeVea to testify did not violate VeVea's Fifth Amendment right against self-incrimination because VeVea remained free to decline to testify. Further, the district court did not impermissibly shift the burden of proof in making the factual finding that VeVea did not explain certain inculpatory evidence. It is permissible to disbelieve a defendant because his account reconciles only some, but not all, of the inculpatory evidence. The record gives us no reason to doubt the district court's impartiality.

9. We reject VeVea's argument that the evidence presented at trial does not support the verdict. Viewing the evidence in the light most favorable to the prosecution, we conclude that "'[a] rational trier of fact could have found the

7

essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

10. Because VeVea has completed his sentence, his challenges to the conditions of his probation are moot. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). We partially dismiss his appeal for that reason.

11. VeVea's remaining contentions, to the extent not expressly discussed above, are rejected because we conclude that they lack merit.

**AFFIRMED IN PART** and **DISMISSED IN PART**.