**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30334 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00381-MO |
| v. | |
| LESTER KASPROWICZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 15, 2011
Portland, Oregon

Before: PREGERSON and WARDLAW, Circuit Judges, and SEDWICK,**
District Judge.

Lester Kasprowicz appeals his convictions on one count of making false

statements to a federally insured institution (18 U.S.C. § 1014) and one count of

money laundering (18 U.S.C. § 1957). We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

§ 1291 and we affirm and remand for amendment of the restitution obligation as appropriate.

The charging decision in the case at bar was made before Kasprowicz went to trial on mail fraud charges. Use of the investigative demand to obtain mortgage documents–to the extent it was prosecutorial–also took place before Kasprowicz's mail fraud trial. Consequently, neither event supports a presumption of vindictiveness. *See United States v. Kent*, --- F.3d ----, 2011 WL 2020853, at *5 (9th Cir. May 24, 2011) ("[I]n the context of pretrial plea negotiations, vindictiveness [is] not . . . presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right.") (internal quotations omitted). Moreover, the charges in the present case and the mail fraud charges are based on separate nuclei of operative fact. *See United States v. Martinez*, 785 F.2d 663, 669 (9th Cir. 1986). Kasprowicz produced no direct evidence of vindictiveness and the facts of his case do not exhibit an appearance of vindictiveness. *See United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Kasprowicz is therefore not entitled to additional factual discovery.

Kasprowicz's merger argument is premised on a misreading of applicable case law. The bank transfer that formed the basis of Kasprowicz's money laundering conviction was not an essential part of the conduct giving rise to the

false statements charge. False statements made to federally insured financial institutions do not require a separate transfer of funds even if the false statements are made to obtain a loan. Because viewing the "proceeds" from Kasprowicz's false statements as "receipts" does not give rise to a merger problem, it is not necessary to apply the "profits" definition and both crimes were properly charged. *See United States v. Santos*, 553 U.S. 507, 514 (2008) (plurality opinion); *United States v. Van Alstyne*, 584 F.3d 803, 814 (9th Cir. 2009).

Before the offense was detected, Kasprowicz returned $3,193 of the loan principal. *See* U.S.S.G. § 2B1.1 cmt. n.3(E)(i). The principal was the only amount obtained by false statements and the bank earned the interest that Kasprowicz paid. Crediting the amount by which the principal was paid down was not error. Irrespective of Department of Justice policy, a district court "need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. n.3(C). Adoption of the bank's estimated loss on sale of the foreclosed property–including the 7% commission–was not improper.

The district court properly credited the value of the property at the time of sentencing. U.S.S.G. § 2B1.1 cmt. n.3(E)(ii). Departing from the general rule where a change in value is caused by unforeseeable market forces would either overstate or understate the victim's actual loss.

The Mandatory Victim Restitution Act requires restitution to be reduced by the value of returned property on the date the property was returned. 18 U.S.C. § 3663A(b)(1)(B)(ii). The trial court did not make an explicit finding on this point and the government concedes that the restitution order was erroneously based on West Coast Bank's actual loss.

**AFFIRMED** and **REMANDED** for amendment of the restitution obligation in the judgment as appropriate.