**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30285 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00073-EFS-1 |
| v. | |
| JOSEPH M. PARISIEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted August 6, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Joseph Parisien pleaded guilty by plea agreement to distribution of

methamphetamine, distribution of crack cocaine, and conspiracy to possess with

the intent to distribute crack cocaine and methamphetamine. The district court

applied the career offender enhancement and sentenced Parisien to 162 months in

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

prison. Parisien now appeals his sentence, arguing that because he entered into the plea agreement unaware that the career offender enhancement could apply to him, he is entitled to specific performance of the plea agreement according to the original intention of the parties to eliminate a recidivist penalty.

We review the district court's denial of a motion to compel specific performance of a plea agreement for abuse of discretion. *United States v. Anthony*, 93 F.3d 614, 616 (9th Cir. 1996). We review the due process claim de novo. *United States v. Morris*, 633 F.3d 885, 888 (9th Cir. 2011) (per curiam). On those standards, we affirm the district court.

The district court neither abused its discretion nor deprived Parisien of due process by denying his request for specific performance of the plea agreement. The district court is not a party to the plea agreement and is not bound by it, as the agreement clearly states. Parisien was not misinformed regarding his potential sentence; the agreement states that the maximum term of imprisonment was life, and Parisien's ultimate sentence was within the parameters of the agreement. The terms of the plea agreement demonstrate that the actual, express intention of the parties was to have the court make the ultimate decision regarding a sentence that could be as long as life in prison.

The district court properly interpreted and applied the plea agreement and did not abuse its discretion in denying Parisien's motion for specific performance of the agreement.

**AFFIRMED.**