
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORRAINE NETHERTON, | No. 15-35052 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-01281-JCC |
| v. | |
| JANE PARNELL, Superintendent, Washington Corrections Center for Women, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted February 1, 2016
Seattle, Washington

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges and ORRICK,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William Horsley Orrick III, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Lorraine Netherton appeals the district court's denial of her habeas petition challenging various aspects of her Washington conviction for second-degree murder. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

# I

The Washington Court of Appeals' dismissal of Netherton's petition constituted an "adjudicat[ion] on the merits" for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), because the decision issued by the court addressed "the substance of the constitutional claim[s] advanced," *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). That Netherton's claims were disposed of by an order from the Chief Judge, as authorized under Washington law, *see* Wash. R. App. P. 16.11(b), rather than by a three-judge panel, is irrelevant as "adjudication necessary to trigger AEDPA review is not restricted to any particular form of hearing," *Lambert*, 393 F.3d at 967. Thus the Washington Court of Appeals' denial of Netherton's claims must be upheld unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts" presented. 28 U.S.C. § 2254(d).

## II

The Washington Court of Appeals' disposition of Netherton's claims under

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150

(1972), warrants AEDPA deference. To establish a *Brady* violation, "a defendant

must show that 1) the prosecution suppressed evidence that 2) was favorable to the

accused and 3) was material." *Barker v. Fleming*, 423 F.3d 1085, 1094 (9th Cir.

2005). The court's disposition was a reasonable application of clearly established

law because Netherton failed to demonstrate that the prosecution had in fact

suppressed impeachment evidence relating to Detective Denny Gulla or ballistics

expert Evan Thompson.

Nor did the district court err in denying Netherton discovery regarding such

claims. When a state court adjudicates a claim on the merits, "evidence introduced

in federal court has no bearing on § 2254(d)(1) review." *Cullen v. Pinholster*, 563

U.S. 170, 185 (2011). Netherton was therefore not entitled to discovery because the

Washington Court of Appeals considered and rejected her *Brady* challenges on the

merits.

## III

The Washington Court of Appeals' determination that defense counsel's

failure to take photographs of Netherton in jail did not amount to ineffective

assistance of counsel was not unreasonable. Given the evidence that Netherton in fact had not suffered significant visible injury, and the fact that any new photographs would have been taken days after her encounter with Desiree Rants, Netherton failed to demonstrate that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because the Washington Court of Appeals' conclusion that Netherton suffered no prejudice was a reasonable application of law to the facts of the case, the decision must be upheld. *See* 28 U.S.C. § 2254(d).

**IV**

The Washington Court of Appeals' determination that the State's drive-by shooting charge did not constitute vindictive prosecution was not unreasonable. Netherton failed to demonstrate that the prosecutor's charge was wholly unsupported by probable cause, *see Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), and there is no indication that the State filed the additional charge solely for the purpose of punishing Netherton for exercising a constitutional or statutory right, *see United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).

Furthermore, the Washington Court of Appeals determined that Netherton was not prejudiced by such a charge. Because the drive-by shooting charge was

dropped before trial, and because any negative effect that resulted from its presence on the docket was not significant enough to demonstrate that Netherton was prejudiced as a result, the court's determination that Netherton suffered no due process violation was reasonable.

V

Given the record before the Washington Court of Appeals, no "reasonable jurist" could find the Court of Appeals' assessment of the uncertified issues debatable. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). We thus decline to expand the certificate of appealability.

Netherton's "Motion to File Additional Excerpt of Record," filed on February 4, 2016, is granted.

**AFFIRMED.**