**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50173 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02508-LAB-1 |
| v. | |
| ALEXANDRO NECOCHEA-VARELA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 14, 2017
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and CHEN,[**] District Judge.

Appellant Alexandro Necochea-Varela appeals the district court's judgment and sentence finding him guilty of alien smuggling in violation of 8 U.S.C. 1324(a)(1)(A)(ii) and sentencing him to 37-months incarceration. Appellant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

appeals on several grounds. First, he contends that the government engaged in vindictive prosecution by filing additional charges relating to prior smuggling events in 2011 and 2012; these charges were added on the eve of trial after Appellant had turned down a plea offer. Second, the district court failed to treat Appellant's statement on March 27, 2012 (that he was smuggling people into the United States and was arrested 10 days before for smuggling) under Federal Rule of Evidence 404(b) and instead impermissibly treated the statement as a confession. Third, there was insufficient evidence that Appellant knowingly transported the illegal alien Rodrigo Arenas-Ventura in order to help him remain in the United States. Fourth, the cumulative errors warrant reversal of Appellant's conviction. We affirm.

1.      There is no presumption of vindictiveness because added charges were the subject of a pre-trial plea bargain. *See United States v. Goodwin*, 457 U.S. 368, 381 (1982); *United States v. Kent*, 649 F.3d 906, 914 (9th Cir. 2011). The charges were added before plea negotiations ended. Even if such a presumption obtained, the district court's finding of no actual vindictiveness was not "clear error." *See United States v. Torlai*, 728 F.3d 932, 937 (9th Cir. 2013). There was a factual basis for the district court's finding: the prosecutor stated that she was not aware of Appellant's prior arrest in 2012 until, when during preparation for trial, agents handed over the reports related thereto. The prosecutor

immediately notified Appellant and continued plea negotiations prior to bringing the charges.

2.     The district court did not admit the March 27 statement solely under Rule 404(b).  The government never sought to admit the statement under Rule 404(b).  It indicated early on that it intended to use the statement as a confession.  The court admitted the statement not as evidence of other crimes but as direct evidence of the charged crime (an admission either specifically of the March 15 conduct or that Appellant was engaged in alien smuggling during the relevant time period).

Thus, the district court did not err by failing to instruct the jury to limit its consideration of the March 27 statement to Rule 404(b) or by failing to re-weigh the risk of prejudice under Rule 403.  Nor did the prosecutor commit misconduct by treating the statement as a confession.  Moreover, the district court was not required to hold a hearing under Rule 104(c)(1) to admit the March 27 statement as a confession in the absence of Appellant's request.  *See* Notes of Committee on the Judiciary, House Report No. 93–650.

In any event, any error by the district court is subject to plain error review as Appellant did not object to admission of the statement or request at trial a limiting instruction.  Under plain error review, none of the errors Appellant raises on appeal affected Appellant's substantial rights.  *See United States v. Banks*, 514 F.3d 959,

974, 976 (9th Cir. 2008). Even if the March 27 statement were admitted only under 404(b) to prove knowledge, that knowledge was powerful evidence of Appellant's guilt as it was the element of the charge primarily in dispute. Moreover, other evidence against Appellant was strong for the reasons outlined below.

3.     Sufficient evidence existed to support a guilty verdict under Section 1324(a)(1)(A)(ii), which requires a showing that Arenas was not lawfully in the United States, that Appellant knew or recklessly disregarded the fact that Arenas was not lawfully in the United States, and that Appellant knowingly transported Arenas in order to help him remain in the United States. *See United States v. Angwin*, 271 F.3d 786, 806 (9th Cir. 2001); 9th Cir. Model Jury Instruction 9.2 (2010). First, Appellant does not contest the sufficiency of the first element. Second, in addition to the confession of his involvement in alien smuggling, the circumstances in which Appellant was observed and then arrested strongly indicated Appellant knew of Arenas's illegal status. Third, Appellant provided "transportation for one leg of illegal aliens' migration to locations within the United States" by taking Arenas from the desolate highway near the border to the town of El Centro on Arena's trek to Bakersfield, which demonstrates that Appellant intended to help Arenas remain in the United States illegally. *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1023-24 (9th Cir. 2000).

4                                                                    16-50173

4.    There is no error to aggregate.  Even if there were, given the strong evidence of guilt, no cumulative error would warrant reversal.

We therefore affirm the district court's judgment and sentence.

**AFFIRMED.**