NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10143 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-01349-DLR-6 |
| v. | |
| KAJON MONTEL RASHAD COX, AKA Kajon Cox, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted April 4, 2024**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Kajon Cox's sole argument on appeal is prosecutorial vindictiveness. We

have jurisdiction under 28 U.S.C. § 1291, and we assume without deciding that Cox

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

did not affirmatively waive his right to raise this argument. The parties contest whether de novo or plain error review applies, but even affording Cox the benefit of the more generous de novo standard, we affirm.

"A defendant may establish vindictive prosecution (1) 'by producing direct evidence of the prosecutor's punitive motivation[,]' or (2) by showing that the circumstances establish a 'reasonable likelihood of vindictiveness,' thus giving rise to a presumption that the Government must in turn rebut[.]" *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011) (citations omitted). The two instances of purported vindictiveness alleged by Cox fail under either theory.

1. The government did not act vindictively by declining to re-offer a plea agreement identical to the one that the original district judge rejected prior to reassignment. "[W]e do not presume vindictiveness in the pretrial plea bargaining situation," even when "a more severe charge followed on, or even resulted from, the defendant's exercise of a right." *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000). Because a prosecutor may introduce new, harsher charges following the repudiation of a plea deal by the defendant, no presumption of vindictiveness arises when the government simply declines to re-offer the same terms of a plea deal that it need not have offered in the first place. *See Kent*, 649 F.3d at 915 (describing the wide discretion afforded to federal prosecutors in decisions during plea bargaining).

2

Nor is there direct evidence of a vindictive motive. The government had a legitimate, non-punitive motivation to offer a recommended time-served sentence rather than stipulating to it: the original district judge rejected the initial plea *because* it stipulated to time served. Moreover, the original district judge—not Cox—had rejected the initial plea deal, so any decision not to re-offer identical terms could not have been retaliation for an exercise of Cox's trial rights precisely because Cox was not the one who rejected the deal and desired to proceed to trial. In fact, the government recommended, rather than stipulated to, time-served sentences to Cox's codefendants even though the codefendants did not indicate an intent to exercise their trial rights.

2. The government's decision to advocate for a 15-year sentence following trial was not vindictive. No presumption of vindictiveness attaches when prosecutors seek a greater sentence after trial than they offered in a plea deal. *See United States v. Carter*, 804 F.2d 508, 513 (9th Cir. 1986) ("When a defendant voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. Having rejected the offer of a lesser sentence, he assumes the risk of receiving a harsher sentence."); *accord United States v. Vasquez-Landaver*, 527 F.3d 798, 805 (9th Cir. 2008). "If defendants could demand the same sentence after standing trial that was offered in exchange for a guilty plea, all incentives to plead guilty would disappear." *Carter*, 804 F.2d at 513. Although a presumption

3

might exist when a *judge* imposes a greater sentence following retrial than the defendant received after the initial trial, *see Wasman v. United States*, 468 U.S. 559, 569 (1984), "we are admonished against expanding the class of cases to which the vindictiveness presumption applies," *Kent*, 649 F.3d at 913.

As above, there is no direct evidence of vindictiveness here. Cox points to the colloquy between the court and prosecutor at sentencing, but this is not the sort of unequivocal statement required to establish vindictiveness. *See Carter*, 804 F.2d at 514. The government noted that its initial favorable offer was less about Cox's culpability and more about "the risk that the jury would not believe the confidential human source based off of the impeachment materials that were brought out at trial." Because the confidential source was the keystone of the government's case, the plea deal was exceedingly favorable. Moreover, the law unambiguously allows prosecutors to bring more severe charges after a defendant rejects a plea and chooses to exercise his constitutional rights. *Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978); *Gamez-Orduno*, 235 F.3d at 462. Here, by contrast, the prosecutors dismissed the § 851 information and recommended a substantially below-Guidelines sentence based on the original charges, even though they could have filed additional, more serious charges after Cox rejected the plea deal. These facts do not demonstrate actual vindictiveness.

Finally, any vindictiveness was harmless. *See Washington v. Recuenco*, 548 U.S. 212, 218 (2006); *accord United States v. Knight*, 56 F.4th 1231, 1235–36 (9th Cir. 2023). The district court rejected the government's recommendation and imposed a 10-year sentence—the mandatory minimum. Because that sentence was required by the indictment and conviction (neither of which Cox challenges), any prosecutorial vindictiveness at sentencing could not have affected Cox's sentence.

**AFFIRMED.**