NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL BLAKE DEFRANCE,<br><br>Defendant - Appellant. | No. 23-2409<br><br>D.C. No.<br>9:21-cr-00029-DLC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted September 12, 2024
Seattle, Washington

Before: CHRISTEN and SUNG, Circuit Judges, and RAKOFF, District Judge.**

Michael Blake DeFrance appeals his convictions for one count of being a

prohibited person in possession of firearms and ammunition, 18 U.S.C.

§ 922(g)(9), and three counts of making a false statement during a firearms

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

transaction, *id.* § 922(a)(6), as well as his 21-month prison sentence. For the reasons stated here and in a concurrently filed opinion, we affirm in part, reverse in part, vacate in part, and remand.

1.    Reviewing de novo, *see United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) ("[W]here our vindictive prosecution inquiry turns upon a district court's proper application of the law, our review is de novo."), we reject DeFrance's contention that the government sought the § 922(a)(6) "charges solely to punish [him] for exercising a constitutional or statutory right." *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000). It is undisputed that the government was unaware of DeFrance's false statements on the Firearms Transaction Records until DeFrance submitted them to the district court, and the Supreme Court has made clear that "[t]here is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting" because, "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution." *United States v. Goodwin*, 457 U.S. 368, 381 (1982). DeFrance failed to show that the circumstances established a "reasonable likelihood of vindictiveness." *Kent*, 649 F.3d at 912–13 (quoting *Goodwin*, 457 U.S. at 373).

2.    DeFrance's argument that the district court should have decreased his offense level under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(2)

fails. This provision applies where the defendant "possessed all ammunition and firearms *solely* for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(2) (emphasis added). DeFrance acknowledged in a letter to the probation office that his pistol "was for protection at home." Thus, the district court's finding that DeFrance did not possess the weapons solely for lawful sporting purposes or collection was not clearly erroneous. *See United States v. Scheu*, 83 F.4th 1124, 1126 (9th Cir. 2023) ("A court's application of the Guidelines to the facts of a case is reviewed for an abuse of discretion and its factual findings for clear error.").

DeFrance's argument that § 2K2.1(b)(2) should be read broadly to encompass all lawful purposes, including self-defense, is foreclosed by precedent. *See United States v. Lam*, 20 F.3d 999, 1002 (9th Cir. 1994); *United States v. Uzelac*, 921 F.2d 204, 206 (9th Cir. 1990). The district court therefore properly rejected this argument. *See Scheu*, 83 F.4th at 1126 ("We review de novo the district court's legal interpretation of the Guidelines.").

For the reasons stated here and in a concurrently filed opinion, DeFrance's convictions are **AFFIRMED IN PART** and **REVERSED IN PART**, the sentence is **VACATED**, and the case is **REMANDED** for resentencing or for other proceedings consistent with the judgment of this court.